UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SERGEANT DANIEL LANGFORD, DETECTIVE
THOMAS BARKER, POLICE OFFICER JOHN
NORDONE, POLICE OFFICER MITCHELL SERLIN,
DETECTIVE KENNETH HASKO and DETECTIVE
MARK CAREY,

Index #

**COMPLAINT AND JURY DEMAND**

Plaintiffs,

– against –

**07 CIV. 8413**

THE COUNTY OF WESTCHESTER and
WESTCHESTER COUNTY DEPARTMENT OF
PUBLIC SAFETY,

**BRIEANT**

Defendants.
-----------------------------------------------------------------X

Plaintiffs, through their attorneys, Kuczinski, Vila & Associates LLP, complaining of the defendants, allege as follows:

### NATURE OF ACTION

1.  Plaintiffs allege that they are or were employees of the defendant, Westchester County Department of Public Safety ("WCDPS") and that pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, they are (i) entitled to unpaid wages from defendants for hours worked as well as for overtime hours worked as being members of the defendant WCDPS Canine Unit ("K-9") unit for the training and caring, exercising and transportation of their respective dogs during hours on and off duty, days for which they have not received pay, overtime pay, or adequate/reasonable compensation as required by law; (ii) entitled to liquidated damages, attorney fees and costs pursuant to FLSA 29 U.S.C. § 216(b); and (iii) a declaratory judgment that defendants have violated FLSA, 29 U.S.C. § 201 *et. seq* and that such violation was willful.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

5. Plaintiff, Sergeant Daniel Langford, is an adult, residing in Dutchess County, State of New York.

6. Plaintiff, Sergeant Daniel Langford, has been employed by Defendant, WCDPS, since 8/29/88 and has been working as a narcotics officer, assigned as a K-9 handler since June, 2000.

7. Plaintiff, Detective Thomas Barker, is an adult, residing in Putnam County, State of New York.

8. Plaintiff, Detective Thomas Barker, has been employed by Defendant, WCDPS, since 10/13/92 and has been working with the Bomb Squad and assigned as a K-9 handler since June, 2002.

9. Plaintiff, Police Officer John Nordone, is an adult, residing in Westchester County, State of New York.

10. Plaintiff, Police Officer John Nordone has been employed by Defendant, WCDPS, since 12/25/00 and has been working as a Patrol Officer, assigned as a K-9 handler since May, 2003.

11. Plaintiff, Police Officer Mitchell Serlin, is an adult, residing in Dutchess County,

State of New York.

12. Plaintiff, Police Officer Mitchell Serlin, has been employed by Defendant, WCDPS, since 2/4/94 and has been working as a Patrol Officer, assigned as a K-9 handler since November, 2000.

13. Plaintiff, Detective Kenneth Hasko, is an adult, residing in Westchester County, State of New York.

14. Plaintiff, Detective Kenneth Hasko, has been employed by Defendant, WCDPS, since 12/25/00 and has been working with the Bomb Squad and assigned as a K-9 handler since November, 2005.

15. Plaintiff, Detective Mark Carey, is an adult, residing in Putnam County, State of New York.

16. Plaintiff, Detective Mark Carey, has been employed by Defendant, WCDPS, since 3/22/99 and has been working as a Narcotics Officer and assigned as a K-9 handler since June, 2002.

17. Defendant, WCDPS, is a Police Department located in Westchester County, New York providing law enforcement and public safety services to the public with its principal place of business at 1 Saw Mill River Parkway, Hawthorne, New York.

18. Defendant, WCDPS at all relevant times has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA 29 U.S.C.§ 201 et. seq.

19. At all times relevant, Defendant, County of Westchester is a political subdivision of the State of New York providing various public services to the citizens of New York, including a police department known as WCDPS.

20. At all times relevant, Defendant, County of Westchester, is responsible for all applicable standards, decisions, policies, procedures and protocols of Defendant, WCDPS, including any violations of such standards, policies, procedures and protocols and/or violations of law.

21. At all times relevant, Defendant, County of Westchester, participated in, and was responsible for, the day-to-day operations of Defendant, WCDPS.

22. Defendant, County of Westchester, at all relevant times has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA 29 U.S.C.§ 201 et. seq.

## THE FACTS

23. At all times relevant, Defendant, WCDPS and Defendant, County of Westchester, as part of the day to day operations of running the Police Department utilized specially trained dogs, who worked with specific police officer employees of Defendant, WCDPS, designated as K-9 dogs and/or K-9 units.

24. At all times relevant, Defendant, WCDPS, and Defendant, County of Westcheser, utilized the K-9 dogs and/or K-9 units as part of the Narcotics, Bomb Squad and/or Patrol Departments to provide an effective and reasonable Police Department performing law enforcement and public safety duties.

25. At all times relevant, Defendant, WCDPS, and Defendant, County of Westchester, required all employees/police officers assigned as a K-9 handlers to comply with and abide by the Policies and Procedures established by Defendant, WCDPS, on 12/4/00, for working with K-9 dogs.

26. Since their inception, Defendants, WCDPS and County of Westchester, still maintain these Policies and Procedures and require all employees/officers assigned a K-9 dog to continue to

comply with and abide by these policies and procedures.

27. At all relevant times, Defendant, WCDPS, and Defendant, County of Westchester, K-9 unit Policies and Procedures requires, among other items (i) periodic training assignments and daily training of the dog, (ii) the requirement that the dog lives with its handler/employee, (iii) that feeding, walking, grooming and veterinary care are the responsibility of the handler/employee, (iv) that handlers are responsible for various equipment and material to maintain and train the dog, and (v) handlers are required to travel to and from home to work assignments with the K-9 dogs.

28. Each of the plaintiffs from the time they have been assigned a dog and have been active members of the K-9 Unit, have followed Defendant, WCDPS, and Defendant, County of Westchester, policies and procedures with respect to the K-9 unit in the performance of their work.

29. Each of the plaintiffs, since their assignment to the K-9 Unit, in performing their work, duties and adherence to Defendant, WCDPS, and Defendant, County of Westchester, Canine Policies and Procedures, engage in approximately 4 hours of daily off-duty work activity in the training, care and exercise of their respective assigned K-9 dogs, and additional time for traveling with the K-9 dogs to and from home to work.

30. At all relevant times, each of the plaintiffs' performance of such off-duty work activity in the training, care, and exercise of their respective assigned dogs and travel time, is work within the meaning of FLSA, 29 U.S.C. §§ 201 *et. seq.* as it is controlled and required, necessary and primary and integral and indispensable to their K-9 Unit assignments and such off-duty time and travel time is compensable.

31. Each of the plaintiffs, from the time that the Defendant, WCDPS, and Defendant, County of Westchester, Canine Polices and Procedures became effective on 12/4/00 until the present

have been refused adequate compensation, pay and overtime pay by Defendant, WCDPS, and Defendant, County of Westchester, for the off-duty training, care, exercise and transportation of their respective K-9 dogs.

32. At all relevant times, the Defendant, WCDPS, and Defendant, County of Westchester, have had actual and/or constructive knowledge of each of the plaintiff's off-duty requirements and training, care, exercise and transportation of their respective K-9 dogs.

33. At all relevant times, despite the Defendant, WCDPS, and Defendant, County of Westchester, actual and constructive knowledge of each of the plaintiff's off-duty requirements and training, care, exercise and transportation of their respective K-9 dogs, Defendants have refused and willfully refused to provide any reasonable compensation, pay and/or overtime pay to each of the plaintiffs, but instead, has only provided a ONE THOUSAND ($1,000) DOLLAR a year stipend to each of the plaintiffs for their off-duty requirements and training, care, exercise and transportation of their respective K-9 dogs.

34. At all relevant times, each of the plaintiffs, in the performance of their off-duty requirements and training, care, exercise and transportation of their respective K-9 dogs, have objected to Defendants providing the ONE THOUSAND ($1,000) DOLLARS a year stipend and have continually insisted and demanded that Defendants adequately, fairly and in compliance with law, including the FLSA, 29 U.S.C. §§ 201 *et. seq*, compensate, pay and provide overtime pay to each of the plaintiffs for such compensable off-duty requirements, training, care, exercise and transportation of their respective K-9 dogs.

35. At all relevant times, that despite each of the plaintiff's demands and insistence for reasonable compensation, pay and overtime pay for their compensable off-duty requirements,

training, care, exercise and transportation of their respective K-9 dogs, Defendants have failed and/or refused and willfully refused or recklessly disregarded the need to adequately compensate, pay and provide overtime pay to each of the Plaintiffs in conformance with all applicable laws.

36. That during the three (3) year period for which Plaintiffs seek compensation, the ONE THOUSAND ($1,000) DOLLARS stipend was not a reasonable agreement as to appropriate compensation to each of the plaintiffs within the meaning of 29 C.F.R. § 785.23.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

37. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

38. As a result of the Defendants' refusal and/or willful failure or refusal and/or reckless disregard to compensate its employees, the Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek in the Plaintiffs' off-duty requirements, training, care, exercise and transportation of their respective K-9 dogs, the Defendants have violated, and continue to violate, the FLSA 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207(a) and 29 C.F.R. § 785.41.

39. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, the Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et. seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Due to Defendants' FLSA violations, the Plaintiffs are entitled to recover from the Defendants, their unpaid overtime compensation in the Plaintiffs' off-duty requirements, training, care, exercise and transportation of their respective K-9 dogs, as well as an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys fees and costs and disbursements of this actions, pursuant to 29 U.S.C. § 216(b).

42. Due to Defendants' FLSA violations, the Plaintiffs are entitled to recover from the Defendants, their unpaid overtime compensation in the Plaintiffs' off-duty requirements, training, care, exercise and transportation of their respective K-9 dogs, as well as an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages for a period of two (2) year prior to the institution of this action to the present and/or for three (3) years prior to the institution of this action to the present for Defendants FLSA 29 U.S.C. § 201 *et. seq* violations and/or willful violations, respectively.

43. As a result of Defendants violation and willful violation of the FLSA 29 U.S.C. §§ 201 *et. seq.*, a declaratory judgment should be issued that Defendants' actions are unlawful under the FLSA, 29 U.S.C. §§ 201 *et. seq.*

## JURY DEMAND

44. Plaintiffs request a trial by jury of all issues of fact raised by the Complaint pursuant to Rule 38(b) of the Federal Rules of Civil Procedures.

## PRAY FOR RELIEF

WHEREFORE, each of the plaintiffs demand judgment against the Defendants as follows:

For an award of the maximum statutory damages of three (3) years of applicable overtime, back pay or such other amount as may be proper pursuant to FLSA 29 U.S.C. §§ 207(a), 216(b) and 255 and for an equal amount as liquidated damages and additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys fees and costs and disbursement of this action, with prejudgment and post judgment interest pursuant to FLSA 29 U.S.C. § 216(b) and for a declaratory judgment that Defendants' actions are unlawful and permanently enjoining Defendants, its agents, servants, employees and representatives from engaging in such unlawful activity, policies and procedures as set forth herein and for such other and further relief as this court deems just and proper.

Dated: Tarrytown, New York
September 27, 2007

_____
GREGORY KUCZINSKI (#GK3191)
KUCZINSKI, VILA & ASSOCIATES LLP
Attorneys for Plaintiffs
220 White Plains Road, Suite 220
Tarrytown, New York 10591
914-347-7333
Our File No. LANG-001

TO:
Westchester County Department of Public Safety
1 Saw Mill River Parkway
Hawthorne, New York 10532

County of Westchester
Michaelian Office Building
148 Martin Avenue, 6th Floor
White Plains, New York 10601