UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SERGEANT DANIEL LANGFORD, DETECTIVE
THOMAS BARKER, POLICE OFFICER JOHN
NORDONE, POLICE OFFICER MITCHELL
SERLIN, DETECTIVE KENNETH HASKO and
DETECTIVE MARK CAREY,
                        Plaintiffs,

      - against -

THE COUNTY OF WESTCHESTER and
WESTCHESTER COUNTY DEPARTMENT OF
PUBLIC SAFETY,
                        Defendants.
------------------------------------------------------------------x

**ANSWER**

07 Civ. 8413 [CLB]
ECF Case

[Jury Trial Demanded]

Defendant County of Westchester (also named herein as "Westchester County Department of Public Safety"),[1] by its attorney, Charlene M. Indelicato, Westchester County Attorney, respectfully answers Plaintiffs' Complaint as follows:

## NATURE OF ACTION

1. Defendant denies each and every allegation contained in Paragraph "1" of the Complaint, except admits that the Plaintiffs were or are employed by the Defendant.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraphs "2," "3" and "4" of the Complaint characterize the lawsuit and purport to invoke the jurisdiction of this Honorable Court. Accordingly, such allegations constitute legal conclusions to which Defendant makes no answer save to demand strict proof thereof and respectfully refers any questions of law to this Honorable Court.

---

[1] The Westchester County Department of Public Safety Services ("WCDPS") is not a distinct legal entity capable of being named in an action and it is respectfully requested that all references to WCDPS in the Complaint and this Answer be deemed as references to the County of Westchester.

## THE PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the information contained in Paragraphs "5," "7," "9," "11," "13," and "15" of the Complaint.

4. Defendant admits the allegations contained in Paragraphs "6," "8," "10," "12," "14," "16," "17," and "19" of the Complaint.

5. The allegations contained in Paragraph "20" of the Complaint characterize the legal relationship of the County and one of its departments and, as such, constitutes legal conclusion(s) to which Defendant makes no answer save to demand strict proof thereof and respectfully refers any questions of law to this Honorable Court.

6. Defendant denies each and every allegation contained in Paragraphs "18," "21," and "22" of the Complaint.

## THE FACTS

7. Defendant admits the allegations contained in Paragraphs "23," and "24" of the Complaint, except denies each and every allegation that Defendant maintains a designated "K-9 Unit."

8. Defendant denies each and every allegation contained in Paragraphs "25," "26," and "27" of the Complaint, in that the "Policies and Procedures" referenced therein have been superseded by subsequent procedures and/or modifications thereto.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the information contained in Paragraphs "28" and "29," of the Complaint.

10. Defendant denies each and every allegation contained in Paragraphs "30," "31, "32," "33," "34," "35," and "36" of the Complaint.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

11. Defendant denies each and every allegation contained in Paragraphs"37," "38," "39," "40," "41," "42," and "43."

## AS AND FOR DEFENDANT'S
## FIRST AFFIRMATIVE DEFENSE

12. At all times relevant hereto, the Defendant acted in accordance with all applicable statutes, laws and regulations including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA").

## AS AND FOR DEFENDANT'S
## SECOND AFFIRMATIVE DEFENSE

13. The Defendant's conduct was reasonable and justified under the circumstances and was not in violation of the Plaintiffs' rights under the FLSA or other applicable statutes, laws and regulations.

## AS AND FOR DEFENDANT'S
## THIRD AFFIRMATIVE DEFENSE

14. At all times referenced in the Complaint, Plaintiffs were compensated for work performed off-duty work at a reasonable rate, which rate was collectively bargained by the Plaintiff's designated labor representative(s).

## AS AND FOR DEFENDANT'S
## FOURTH AFFIRMATIVE DEFENSE

15. Plaintiffs have failed to name and/or may otherwise proceeding in the absence of a necessary party or parties.

**AS AND FOR DEFENDANT'S**
**FOURTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' claim(s) are barred, in whole or in part, by any and all applicable statute(s) of limitation including, but not limited to, 29 U.S.C. § 255.

**AS AND FOR DEFENDANT'S**
**FIFTH AFFIRMATIVE DEFENSE**

17. Transportation of police dog(s), as alleged in the Complaint, does not constitute the performance of employment duties under the FLSA and/or the Portal-to-Portal Act, 29 U.S.C. § 251 et seq. (hereinafter "PPA").

**AS AND FOR DEFENDANT'S**
**SIXTH AFFIRMATIVE DEFENSE**

18. The PPA obviates employers' responsibilities for employees' commuting time and for relatively trivial, non-onerous aspects of preliminary preparation, maintenance and clean-up related to work.

**AS AND FOR DEFENDANT'S**
**SEVENTH AFFIRMATIVE DEFENSE**

19. To the extent that the Court entertains Plaintiffs' requests for relief, any such compensation must be at the New York State minimum wage.

**WHEREFORE**, Defendant demands judgment against Plaintiffs dismissing the Complaint in its entirety with prejudice, together with costs, disbursements and reasonable attorneys' fees and that this Court grant such other and further relief as it deems just and

proper.

| | |
|---|---|
| Dated: White Plains, New York<br>November 29, 2007 | CHARLENE M. INDELICATO<br>Westchester County Attorney<br>Attorney for Defendant<br><br>BY: _____<br>Justin D. Pruyne (JP9594)<br>Assistant County Attorney<br>148 Martine Avenue, 6th Floor<br>White Plains, New York 10601<br>(914) 995-5102 |

To: Gregory Kuczinski, Esq. (GK 3191)
    Kucinzki, Vila & Associates, LLP
    220 White Plains Road, Suite 220
    Tarrytown, New York 10591